**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HAROLD A. ROSS, SR.,

Plaintiff,

v.

COMMISSIONER SARAH ADELMAN, *et al.*,

Defendants.

Civil Action No. 24-8250 (RK) (JTQ)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Harold A. Ross, Sr.'s ("Plaintiff") Motion to Reopen Case (ECF No. 5, the "Motion"). In addition to addressing the Motion, the Court performs its *sua sponte* screening of Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 6) and Complaint (ECF No. 1) under 28 U.S.C. § 1915. After careful consideration and, for the following reasons, the Court **GRANTS** Plaintiff's Motion to Reopen Case (ECF No. 5), **GRANTS** Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 6), and **DISMISSES** the Complaint (ECF No. 1).

Plaintiff filed a Complaint on August 2, 2024 unaccompanied by a filing fee or an application to proceed *in forma pauperis*. (*See* ECF No. 1.) The same day, the Clerk of the Court informed Plaintiff that "[i]f the proper fee or *in forma pauperis* application is not submitted in 21 days, the initial pleading will be deemed withdrawn and the Court shall close the file in this matter without further notice." (ECF No. 3.) After the 21-day period lapsed, the Court issued an Order of Withdrawal of Complaint closing the case (the "Order"). (ECF No. 4.) The Order allowed Plaintiff to reopen the matter "upon the payment of the filing fee or the submission of a completed, signed

application to proceed *in forma pauperis*." (*Id.*) Plaintiff subsequently filed his Motion to Reopen (ECF No. 5) and application to proceed *in forma pauperis* (ECF No. 6) on November 6, 2024. Given Plaintiff's filing of the Application to Proceed *in forma pauperis* (ECF No. 6), he has complied with the Order. Plaintiff's Motion to Reopen the Case is, thus, **GRANTED** and the Case is **REOPENED.**

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis* ("IFP") without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The IFP statute requires that a plaintiff demonstrate financial need through the submission of a complete financial affidavit. *See Atl. Cty. Cent. Mun. Court Inc. v. Bey*, No. 24-0105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) (citing 28 U.S.C. § 1915(a)).

Here, Plaintiff sufficiently completed the Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. (*See* ECF No. 6.) Plaintiff lists a total income of just above $2,000 per month in addition to some nominal funds in checking accounts with the United Services Automobile Association ("USAA") and the Navy Federal Credit Unit. (*Id.* at 1–2.) Plaintiff identifies expenses of approximately $3,360 per month, which include rent, utilities, food, various insurance policies, and payment plans for amounts owed for motor vehicles, credit cards, and student loans. (*Id.* at 4–5.) Plaintiff also indicates that he owns a 2007 Toyota FJ Cruiser worth approximately $7,000. (*Id.* at 3.) Based on his application, the Court finds that Plaintiff has pled

his circumstances regarding his ability to pay with sufficient particularity and **GRANTS** Plaintiff's *in forma pauperis* Application. (ECF No. 6.)

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(1) ... frivolous or malicious; (2) fail[ ] to state a claim upon which relief may be granted; or (3) seek[ ] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). This Court may also, *sua sponte*, dismiss a complaint for failure to comply with Federal Rule of Civil Procedure ("Rule") 8. *Muhammad v. United States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74 (3d Cir. 2014). Such dismissal is appropriate when the "complaint is so confused, ambiguous, vague, or otherwise intelligible that its true substance, if any, is well disguised." *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Rule 8 requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each averment must be 'simple, concise, and direct.'" *Washington v. Warden SCI-Greene*, 608 F. App'x 49, 52 (3d Cir. 2015) (quoting Fed. R. Civ. P. 8(d)(1)). "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). At its core, the purpose of a pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a court should liberally construe the pleadings of a pro se plaintiff, the complaint must still comply with the pleading

requirements of Rule 8." *Prelle v. United States*, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 246 (3d Cir. 2013)).

Plaintiff's Complaint brings twenty-four (24) causes of action against ten (10) Defendants. (*See generally* ECF No. 1.) Defendants are comprised of certain employees of the N.J. Department of Human Services, including Commissioner Sarah Adelman, Deputy and Assistant Commissioners, and an Executive Director; as well as other public employees from the N.J. Office of Auditing, Office of Legal and Regulatory Affairs, and the Office of Child Support Services-Enforcement Unit. (*Id.* at 1–2, 3–5.)

The Complaint alleges that, without notice, a levy was initiated against Plaintiff in connection with a child support action. (*See id.* at 5.) Following that, Plaintiff asserts his VA Disability Compensation was withheld in full for about 90 days, which harmed Plaintiff monetarily. (*Id.*) He alleges this apparent garnishment "prevented [him] from paying any of his financial obligations" and thus "severely damage[d] [his] credit history, financial ability[,] and financial potential." (*Id.* at 5–6.) He alleges an administrative hearing took place where he was "not afford[ed] [] an opportunity to be heard" "wherein it was determined [] the levy action would remain in effect." (*Id.*) Plaintiff is seeking compensatory and punitive damages. (*See id.* at 7.)

Plaintiff's Complaint is dismissed at this juncture for two principal reasons: (1) improper group pleading and (2) failure to connect the causes of action to the facts. As an initial matter, Plaintiff draws no connections between these causes of action, specific facts, or specific defendants. Although the Complaint is split into twenty-four claims, the Complaint does not distinguish which Defendants they pertain to, thus, it is unclear to the Court what claims are brought against what Defendants. This alone is grounds for dismissal. *See Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (dismissing the

complaint because the "Plaintiffs' Complaint fails to separate out the liability for each defendant"); *see also Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to, lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading.").

Further, while rote recitals of the elements of a cause of action are insufficient to state a claim, Plaintiff fails to even identify the requisite components of his claims. *See Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017). With twenty-four claims—and with no effort to meet the elements of the claims and no connection between the facts and the claims—the Court has no choice but to dismiss for failing to state a claim and for failing to provide Defendants with "fair notice" of the claims asserted and the grounds upon which those claims rest. *See Twombly*, 550 U.S. at 555. The Court thus **DISMISSES** the Complaint.

Finally, to the extent Plaintiff is challenging the effects of a state court child support action, the claims fail. "[T]hese are matters within the longstanding exception to federal jurisdiction in matters involving domestic relations of parent and child." *Douce v. New Jersey Div. of Child Prot. & Permanency*, No. 20-2619, 2021 WL 825451, at *3 (D.N.J. Mar. 4, 2021), *aff'd sub nom. Vaughn:Douce v. New Jersey Div. of Child Prot. & Permanency*, No. 21-1596, 2021 WL 3403670 (3d Cir. Aug. 4, 2021) (quoting *Foster v. N.J. Div. of Child Prot. & Permanency*, No. 17-13572, 2018 WL 6069632, at *2 (D.N.J. Nov. 20, 2018)); *see also Frederick of Fam. Gonora v. Risch*, No. 23-893, 2023 WL 8271932, at *5 (D.N.J. Nov. 30, 2023), *aff'd sub nom. Frederick of the Fam. Gonora v. Risch*, No. 23-3266, 2024 WL 1281336 (3d Cir. Mar. 26, 2024) (declining to exercise jurisdiction over Plaintiff's challenges to state court garnishment relating to child support judgment orders).

Accordingly, **IT IS** on this 8th day of January, 2025:

**ORDERED** that Plaintiff's Motion to Reopen the Case (ECF No. 5) is **GRANTED**; and it is further

**ORDERED** that the case is **REOPENED**; and it is further

**ORDERED** that that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff may have the above-entitled case reopened, if, within thirty (30) days of the date of the entry of this Order, Plaintiff files an amended complaint; and it is further

**ORDERED** that Defendants shall not be served prior to the Court's *sua sponte* screen of an amended complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff to his address of record by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**